Currie, J.
(dissenting). I cannot agree that there was such breach of condition on the part of the personal representative of the defendant’s insured, the deceased McNamer, as to relieve the defendant insurance company from all liability on the policy.
In the recent case of Kurz v. Collins (1959), 6 Wis. (2d) 538, 551, 95 N. W. (2d) 365, we held that a breach of condition of a policy of automobile liability insurance, in order to work an avoidance of the policy, must be material if the rights of an injured third party have intervened subsequent to the issuance of the policy. The chief factor to be considered in determining whether such a breach is material is whether prejudice has resulted to the issuing company.
Manifestly in the instant case no prejudice resulted to the defendant company by the failure of McNamer’s personal representative to promptly forward to it the counterclaim served in the former action. The jury in that action by their special verdict found that McNamer was not causally negligent. Such finding was not disturbed by either the trial court or this court on appeal. Apparently the counterclaim was not disposed of by any formal judgment which specifically alluded to it, either before or after the appeal. Therefore, whatever effect such jury finding with respect to McNamer’s freedom from causal negligence has in the instant action is unaffected by the fact that the defendant did not assume the defense of the counterclaim in the first action. However, the defendant has not seen fit to plead that such jury finding is conclusive in this action.
As pointed out in the majority opinion the defendant had received prompt notice of the accident and had made its own investigation. Therefore, the failure to have the counterclaim forwarded to it in no way has made it harder for the defendant to defend the instant action than if such counterclaim had been so forwarded.
*410 The last paragraph of the majority opinion seems to hold that the plaintiff is now precluded from suing the defendant because of its failure to implead the defendant as a party in the first action. However, this is an issue entirely outside the pleadings in the trial court and this precludes the defendant from raising it on the appeal.
I am authorized to state that Mr. Justice Fairchild and Mr. Justice Dieterich join in this dissent.